## JOEL MALTBY v. ROBERT II. DIHEL, *et al.*

### *Error from Saline County.*

1. TRESPASS.—The principles settled in the case of Caulkins v. Mathews reaffirmed.
2. ID: NEGLIGENCE.—Section 34 of chapter 40 of the General Statutes [*p.* 494] provides for a recovery only when some injury is done to stock, being upon the unenclosed lands, or insufficiently fenced inclosures of another, by the use of positive and active agencies on the part of the offender; and does not provide for the involuntary acts or the negligence of the owner of the land, although such acts or negligence may have been contributing causes of the injuries.

The facts in the case sufficiently appear in the opinion of the court:

*Martin, Burns & Case,* for plaintiff in error.

*Williams & Hanback,* for defendants in error.

*Martin, Burns & Case, for plaintiff in error,* submitted:

The defendant was in no wise to blame for the loss, and the court was clearly wrong in charging the law as applicable to cases of this kind. *See Knight v. Abert,* 6 *Penn. S.,* 472; *Bush v. Brainard,* 1 *Cow.,* 78.

We, also, refer the court to the case of Caulkins v. Mathews, decided by this court at the January term, A. D. 1869.

There is almost a perfect analogy between that case and the one now before the court; also, we refer the court to the case of the Union Pacific Railroad Company v. Rollins and Thompson, decided by this court at the July term, 1869.

*By the Court,* KINGMAN, C. J.

The evidence in this case, which is all preserved in the record, shows this state of facts: that the horse of plaintiffs strayed away from one Boudi, who was keeping it, and got upon the farm of defendant and fell into a well and there died. The fence around defendant's field, where the well was situated, was in places dilapidated and not a lawful fence.

The well was dug by defendant for his own use, a few feet from his house. It was covered with boards which defendant thought safe, as he permitted his own stock, including horses, to run in the field where the well was, and about the well. Upon this state of facts the court charged the jury, as follows:

"If the jury believe, in this case, that the defendant had not a legal fence around his premises, and that he kept a well on his enclosed premises so exposed as to render horses that strayed on the defendant's premises, through such fence, liable to fall in and become damaged or killed, the defendant would be liable in this action to the plaintiff for the value of the horse killed by getting into the defendant's well; and the defendant must have used more than ordinary precaution to protect the well, or he will be made liable."

A verdict was rendered against the defendant and he brings the case to this court for review, claiming that the instruction given was erroneous.

The case is very similar, in the facts, to the case of Caulkins v. Mathews, decided at the last winter term of this court. [*Ante, p.* 191.] But it is claimed that section thirty-four, chapter forty of the General Statutes [*page* 494,] which has taken effect since the cause of action arose in the case of Calkins v. Mathews, has so modified the previous law as to authorize and uphold the instruction of the court below in this case. We do not think so. The section referred to, is as follows:

DOMESTIC ANImals: Injuries to. "If any person or corporation shall hurt, wound, kill, lame or destroy, or cause to be hurt, wounded, killed, lamed or destroyed, by running over or against, shooting, worrying with dogs or otherwise, any of the animals mentioned in the twenty-seventh section of this act, when such animals are upon premises which are not inclosed with a sufficient fence, as prescribed in this act, or when any such animals are upon the uninclosed premises of any such person or corporation, such person or corporation so offending, shall satisfy and pay to the owner of any such animal, or animals, full damages therefor, with costs."

It will be observed that, by this section, every act done or caused to be done, which will authorize a recovery, contemplates some active, voluntary and positive action on the part of the offender, to render him liable. Something must be *done* by the owner of the land to the stock to make him responsible for its injury or loss. In its scope, it does not include any such cause of action as the one in this case. In its details no such cause is enumerated. Neither in its spirit, nor its letter, does it embrace any cause of action arising, without the voluntary act of the party, contributing directly to the result. It would not be difficult to show that the legislative mind was intent upon a wholly different class of cases than

this when it passed the law, but we shall content ourselves with leaving the section to speak for itself. We cannot enlarge it to make it cover negligence merely, when it embraces only willful and positive acts.

The case, then, not falling within this section, must be decided by the law as laid down in the case of Caulkins v. Mathews. Of the law, as settled in that case, we have no doubt; and we are satisfied with the authorities and reasoning on which it rests. Applying the law, as decided in that case, to the instruction given in this, and it will be perceived that the instruction is erroneous in laying down a rule, as to negligence, which has been decided not to be law. For this reason the judgment must be reversed and a new trial ordered.

All the justices concurring.